(No. 4251—

ISABEL V. SHEPARD, WIDOW, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 7, 1950.*

JOHN S. HUBER, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Isabel V. Shepard, is the widow of Pardon S. Shepard, deceased, who was employed on November 10, 1949, in the capacity of an assistant district traffic engineer for the respondent, Department of Public Works and Buildings, Division of Highways. On that day, deceased was supervising the location and erection of direction and detour signs. His regular hours of employment were from 8:30 A.M. to 5:00 P.M. At approximately 3:30

P.M. he had reached a point of about one mile southeast of the Village of Hamel, Illinois. At that time and place a semi-trailer truck owned by Jahneke Brothers of Joliet, Illinois, and driven by Robert Dewar of Plainfield, Illinois, was approaching from the southwest in its proper traffic lane. As the two vehicles approached a common point, the automobile driven by the deceased, and owned by the respondent, veered to the left across the center line of the highway, and struck the semi-trailer. The deceased, Pardon S. Shepard, received injuries as a result of this collision which caused instantaneous death, according to the report of the Coroner of Madison County.

Deceased was 51 years of age at the time of his death, and was survived by his widow, the claimant herein. He had no children under the age of 16 years dependent upon him for support. His earnings in the year preceding his injury and death totalled $4,358.33. His weekly compensation rate, therefore, would be $15.00. The death having occurred subsequent to July 18, 1949, this must be increased 50 per cent, making a compensation rate of $22.50 per week.

Upon consideration of this case, the Court finds it has jurisdiction of the parties hereto and the subject matter; that the injury which resulted in the death of Mr. Shepard arose out of and in the course of his employment; that the respondent had proper notice of the accident and death of Mr. Shepard; and the application for claim was filed in proper time as provided under Section 24 of the Workmen's Compensation Act, as amended.

The record consists of the complaint, departmental report, transcript of evidence and abstract of the evidence.

Claimant is, therefore, entitled to an award under

Section 7 (a) of the Workmen's Compensation Act in the amount of $4,000.00, which must be increased 50 per cent, making a total award of $6,000.00.

An award is, therefore, made in favor of the claimant, Isabel V. Shepard, in the amount of $6,000.00, to be paid as follows:

$ 765.00, which has accrued and is payable forthwith;
$5,235.00, which is payable in weekly installments of $22.50 per week, beginning July 14, 1950, for a period of 232 weeks; with an additional final payment of $15.00.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

An award is also entered in favor of Rollin Moore for stenographic services in the sum of $45.75, which is payable forthwith. The Court finds that the amount charged is fair, reasonable and customary, and said claim is allowed.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."